Argued and submitted January 23, reversed and remanded May 9, reconsideration denied June 29, petition for review denied August 21, 1984 (297 Or 601)

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD TREVINO SALAS,
*Appellant.*

(82-1503; CA A28116)

680 P2d 706

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Helen M. Rockett, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

70

## JOSEPH, C. J.

Defendant appeals from convictions for assault in the third degree and four counts of robbery in the first degree. He argues that it was error for the trial court to deny his motions for mistrial and new trial based on juror misconduct. We reverse and remand for a new trial.

After the jury had convicted defendant on all five charges, a juror informed a deputy district attorney that, during deliberations on the assault charge, one juror had told another that she had known defendant and his family when he was in high school, that he had been in trouble with firearms before and that he could not be believed. The deputy reported the incident to the judge, and defendant moved for a mistrial and a new trial.

The rule governing impeachment of verdicts because of juror misconduct is stated in *Carson v. Brauer,* 234 Or 333, 345, 382 P2d 79 (1963):

> "The kind of misconduct of a juror that will be considered in an attack upon a verdict by a juror's affidavit within the rule set forth in the Gardner and Imlah cases is misconduct that amounts to fraud, bribery, forcible coercion or any other obstruction of justice that would subject the offender to a criminal prosecution therefor. We do not necessarily use the words 'fraud,' 'bribery,' 'forcible coercion,' and 'obstruction of justice' in a purely technical sense, but as words that denote such serious breach of juror's duties that the trial judge would be justified in citing him for nothing less than a contempt of court."

This rigorous test underscores the importance of judicial deference to jury verdicts. Jury deliberations should generally not be subject to challenge and should remain undisturbed, and the affected parties should not be heard to complain about the logic the jury used in reaching a verdict. *See State v. Gardner,* 230 Or 569, 574-75, 371 P2d 558 (1962).

However, for a juror to fail to disclose her bias against a defendant stemming from out-of-court knowledge would turn a purportedly fair trial into a "futile forum." *Clark v. United States,* 289 US 1, 53 S Ct 465, 77 L Ed 993, 998 (1932). In order to preserve the integrity of the jury system a defendant should be tried by a jury that does not include anyone

who, at the outset, harbors serious doubts about his credibility on the basis of undisclosed out-of-court familiarity with him.[1]

■■ We conclude that, in the present case, the challenged juror's failure to disclose on *voir dire*[2] her familiarity with and preconceived distrust of defendant constitutes juror misconduct under the test stated in *Carson v. Brauer, supra.* That misconduct could well have tainted the verdicts in which she participated, and they must be set aside. The state argues that, if this juror's misconduct warrants impeaching the verdict, we should set aside only the conviction on the assault charge, because the juror made her statements concerning the defendant during deliberations on that charge and after the jury had already decided by 10-2 votes to convict defendant on the four robbery counts. We reject the suggestion. The juror's failure to disclose her bias disqualified her from participation. That she only conveyed her bias to other jurors after deliberations had proceeded to a certain point merely adds to her disqualifying misconduct. The point is that she never should have been in a position to make her undisclosed bias effective in any way.[3]

Reversed and remanded for a new trial.

---

[1] In *State v. Gardner, supra,* the defendant sought to impeach a jury vedict because one juror had a preconceived favorable view of one of the witness' credibility based on out-of-court knowledge of that witness. After declining to set aside the verdict, the court noted:

"In the smaller communities it would be virtually impossible to draw a jury entirely free from the various influences which grow out of the jurors' knowledge and appraisal of the parties or their witnesses. The jury is not such a delicate instrument of justice that it can be expected to function only when wholly free from these influences." 230 Or at 578.

Although the general import of the court's observation may be well taken, we do not agree that there is any county in Oregon so small that 12 citizens cannot be found who do not have a preconceived distrust of a defendant based on out-of-court knowledge.

[2] On *voir dire* the challenged juror was asked, "Is there anything about you that we should know that would make it difficult for you to be a fair juror to both sides?" The juror answered, "No." She was also asked, "Will you follow the judge's instructions as to the law?" She answered, "Yes." She was also asked, "Can you think of any reason why you cannot be fair to Mr. Salas and the state of Oregon?" She answered, "No."

[3] Defendant also argues that the trial court erred in denying his motions because the challenged juror's statements violated defendant's right to confrontation guaranteed by Or Const, Art I, § 11, and the Sixth and Fourteenth Amendments to the United States Constitution. Because of our disposition of the case, we do not reach that argument.